# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3333 | **DATE** | 5/17/2004 |
| **CASE TITLE** | USA ex rel. Raphael Regalado vs. Kenneth R. Briley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Regalado's petition is fatally vulnerable on two independent grounds: its untimeliness under Section 244(d) and its substantive inadequacy under Section 2254(d). For both of those reasons, either one of which would alone suffice, "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court" (Section 2254 Rule 4). This Court accordingly orders the summary dismissal of the Petition.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 19 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 5/18/2004 date mailed notice | |
| SN | courtroom deputy's initials | | SN mailing deputy initials | |
| | Date/time received in central Clerk's Office | | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.
RAPHAEL REGALADO #B73511,

    Petitioner,

v.    No. 04 C 3333

KENNETH R. BRILEY,

    Respondent.

DOCKETED
MAY 1 9 2004

MEMORANDUM OPINION AND ORDER

Raphael Regalado ("Regalado") has filed a pro se Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. §2254[1] to challenge his December 8, 1995 state court conviction for first degree murder, a conviction on which he is now serving a 60-year sentence. Regalado's Petition is supported by a 28-page memorandum (cited "Mem. --") accompanied by a set of exhibits, all organized and presented with real clarity--an effort that would do credit to a trained lawyer (indeed, in light of the Petition's quality it would be surprising if Regalado had not had the benefit of substantial assistance by knowledgeable counsel). But unfortunately for Regalado, the very thoroughness of his presentation has disclosed some fatal flaws that doom his attempted collateral attack.

To begin with, Regalado's Mem. 7 correctly identifies Section 2244(d)(1) as establishing the test for timeliness of any

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

Section 2254 petition:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In this instance the Petition's May 4, 2004 presumptive filing date[2] means that the operative commencement date of the one-year period, after Regalado has been given the benefit of the tolling provision of Section 2244(d)(2) (more of this later), had to have been not earlier than May 3, 2003.

Regalado's sole contention in his Petition as to a claimed constitutional deprivation is that his trial lawyers--William

---

[2] Although the Petition was not received in this District Court's Clerk's Office until May 11, Regalado's handwritten declaration bears a May 4 signing date. By treating that as the operative date, this Court has given Regalado the maximum possible benefit of the "mailbox rule" prescribed by Houston v. Lack, 487 U.S. 266 (1988).

2

Murphy ("Murphy") and James McCarron--fell below the constitutional yardstick of effective assistance, as prescribed by Strickland v. Washington, 466 U.S. 668 (1984) and its nearly innumerable progeny, when they failed to request a fitness hearing pursuant to 725 ILCS 5/104-21(a) based on the fact that Regalado was taking methadone to treat his heroin addiction both before and during his four-day trial. By June 1, 2000 both of those trial counsel provided affidavits in support of his contention, those affidavits being used in Regalado's state post-conviction petition that raised the same ground that he now advances in the Petition here.

Against that backdrop Regalado contends that the following timetable controls:

1. It was assertedly not until June 3, 2000, when his new state post-conviction counsel had received not only the trial lawyers' affidavits (respectively received on May 31 and June 1, 2000) but also a supporting affidavit from defense investigator Robert Hodges that, in the language of Section 2244(d)(1)(D), "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

2. With that as the putative starting date for the Section 2244(d)(1) time clock, in Regalado's view he had until a year from June 3, 2000--that is, until June 3,

2001--to file his petition here.

3. Meanwhile Regalado had filed his state Petition for Post-Conviction Relief in the Circuit Court of Cook County on March 3, 1998. That petition was ultimately dismissed at the Circuit Court level following an intervening appeal and remand that had ensued after the Circuit Court's initial dismissal. Then the Illinois Appellate Court upheld that second dismissal on May 23, 2002 via its unpublished order in its Case No. 1-00-2659 (reproduced in full as Petition Ex. G). And Regalado Mem. 5 identifies May 14, 2003 as the date when the Illinois Supreme Court declined to reconsider its October 2, 2002 denial of Regalado's Petition for Leave To Appeal the Appellate Court's decision.[3]

So, as Regalado would have it, the interlocking of those times

---

[3] In that respect the only Supreme Court order referred to in the published tables that report such dispositions is the one entered on October 2, 2002 (table at 201 Ill.2d 603, 786 N.E.2d 196). And that date, which was left wholly unmentioned by Regalado in the Petition, raises an obvious question as to the applicability of the May 14, 2003 date even under Regalado's theory. More than seven months elapsed between the Supreme Court's initial denial of leave to appeal in October 2002 and its ultimate denial of reconsideration in May 2003, creating an obvious question as to whether the motion for reconsideration had been timely filed--and if it were not, it would simply not qualify as "properly filed" under Section 2244(d)(2) so as to extend the time for filing a federal petition (see, e.g., Brooks v. Walls, 301 F.3d 839, 840-43 (7th Cir. 2002)). If that were indeed the case, the October 2, 2002 date (and not the May 14, 2003 date) would mark the beginning of the Section 2244(d)(1) time period even if Regalado were right in all other respects--and so the present Petition would be untimely in all events.

4

established a deadline of May 14, 2004 (one year after the Illinois Supreme Court's last turndown) to institute the current Petition--a claimed deadline that he beat by ten days.

But Regalado's fundamental problem is that he has started his limitations clock far too late. According to his own affidavit (Petition Ex. B, attached here as Ex. 1) he actually knew the facts critical to his present claim <u>at the time of his trial in December 1995</u>:

> 1. One fact essential to Regalado's present claim of lawyer inadequacy was his own knowledge that he was taking methadone so that he could in turn communicate that to his counsel, and his Aff. ¶¶4-5 expressly acknowledges that.
>
> 2. Equally essential to Regalado's claim charging ineffective assistance, any such claim requires a showing of the lawyer's inattention to a problem that he or she knew about[4] but did not pursue. In this instance Regalado swears (Aff. ¶7) that he then told his attorney Murphy that he was on methadone--and of course Regalado himself already <u>knew</u> that he was not provided the fitness hearing that he now says his lawyer should have obtained for him.

So it was actually back in December 1995 that Regalado knew

---

[4] It is unnecessary to explore the possible "should have known" alternative that may be relied upon in some ineffective assistance cases, for as the text reflects Regalado says there was actual knowledge on the part of his trial counsel Murphy.

5

"the factual predicate of the claim or claims presented"--not just on the much later date when his post-conviction counsel assembled the three affidavits to present those earlier-known facts in Regalado's state post-conviction petition (Owens v. Boyd, 235 F.2d 356, 359 (7th Cir. 2000); Flanagan v. Johnson, 154 F.3d 196, 198-99 (5th Cir. 1998)). That December 1995 date of course antedated the April 24, 1996 enactment of the Prison Litigation Reform Act of 1996, and in that situation our Court of Appeals (like all others) has confirmed that the one-year limitations period ended on April 24, 1997, one year after that enactment date (Newell v. Hanks, 283 F.3d 827, 833 (7th Cir. 2002)).

That being the case, the one-year limitations clock had already run out more than ten months before Regalado filed his state post-conviction petition that could arguably have begun a tolling period on March 3, 1998. And with that being so, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules") mandates the summary dismissal of the Petition because of its untimeliness.

But it is also worth commenting briefly on the substantive inadequacy of Regalado's Petition--a deficiency that would of itself call for the same summary dismissal. Section 2254(d) sharply limits the grant of federal habeas relief with respect to "any claim that was adjudicated on the merits in State court

6

proceedings," and <u>Williams v. Taylor</u>, 529 U.S. 362, 402-13 (2000) has given definitive substantive content to the two concepts embraced in Section 2254(d).

In this instance an examination of the Illinois Appellate Court's unpublished order in Case No. 1-00-2659, which affirmed the dismissal of Regalado's post-conviction petition that asserted the identical claims he seeks to advance here, reveals that the Appellate Court gave proper recognition to <u>Strickland</u> as setting the standard for such claims, followed by that court's rendition of a decision that was neither (1) "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" (Section 2254(d)(1)) nor (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" (Section 2254(d)(2)). And that being so, the Petition--even if it had been timely filed, as it was not--fails in substantive terms.

## Conclusion

As amply demonstrated by this opinion, Regalado's Petition is fatally vulnerable on two independent grounds: its untimeliness under Section 2244(d) and its substantive inadequacy under Section 2254(d). For both of those reasons, either one of which would alone suffice, "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner

is not entitled to relief in the district court" (Section 2254 Rule 4). This Court accordingly orders the summary dismissal of the Petition (<u>id</u>.).

 _____
Milton I. Shadur
Senior United States District Judge

Date: May 17, 2004