Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3333 | **DATE** | 5/24/2004 |
| **CASE TITLE** | USA ex rel. Raphael Regalado vs. Kenneth R. Briley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ______.

(3) ☐ Answer brief to motion due______. Reply to answer brief due______.

(4) ☐ Ruling/Hearing on ______ set for ______ at ______.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(7) ☐ Trial[set for/re-set for] on ______ at ______.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ______ at ______.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Supplement to Memorandum Opinion and Order. As stated at the outset, then, still another insurmountable hurdle bars the Petition. Regalado has sustained three called strikes (in the metaphorical sense, not the sense employed in connection with Section 1915(g) in a wholly different context) in a contest in which even one strike puts him out of court.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| ✓ | Notices mailed by judge's staff. | MAY 25 2004 date docketed |
| | Notified counsel by telephone. | |
| | Docketing to mail notices. | docketing deputy initials |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | 5/24/2004 date mailed notice |
| SN | courtroom deputy's initials | SN mailing deputy initials |

U.S. DISTRICT COURT CLERK

2004 MAY 24 PM 2:58

Date/time received in central Clerk's Office

Document Number 10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAY 25 2004

UNITED STATES OF AMERICA ex rel. RAPHAEL REGALADO #B73511,

Petitioner,

v.

KENNETH R. BRILEY,

Respondent.

No. 04 C 3333

SUPPLEMENT TO MEMORANDUM OPINION AND ORDER

This Court's May 17, 2004 memorandum opinion and order ("Opinion") dismissed summarily the 28 U.S.C. §2254[1] Petition for Writ of Habeas Corpus ("Petition") that had been filed by pro se petitioner Raphael Regalado ("Regalado"), with that dismissal having been predicated on two independent grounds, either of which would alone have called for such disposition. This supplement to the Opinion is issued sua sponte because some further investigation has disclosed still another ground that independently calls for the same result.

It will be recalled from the Opinion that any potential viability of the Petition, which was filed long after the conclusion of the operative events in Regalado's criminal proceedings, hinged on the purported tolling of the Section 2244(d)(1) one-year time clock throughout the pendency of Regalado's post-conviction collateral attack in the state court

[1] All further references to Title 28's provisions will simply take the form "Section--."

10

system: It was only if that tolling extended continuously through May 14, 2003[2] that his May 4, 2004 presentation of the Petition could be considered timely. For purposes of analysis in the Opinion, this Court accepted that premise purely arguendo, although Opinion at 4 n.3 raised a warning flag in that respect.

Now added information available through the auspices of the Illinois Supreme Court--matters of record as to which this Court can take judicial notice--has revealed that Regalado's tolling premise is unsound as a matter of law. That information has disclosed the following sequence of events:

1. As Opinion at 4 & n.3 stated, the Illinois Supreme Court's initial denial of leave to appeal occurred on October 2, 2002 (see table at 201 Ill.2d 603, 786 N.E.2d 196).

2. It was not until March 31, 2003 that Regalado sought reconsideration of that denial.

3. Again as reflected in Opinion at 4 & n.3, the Illinois Supreme Court did reject such reconsideration on May 14, 2003.

Unlike the Illinois Appellate Court, which expressly provides a timetable for rehearings (see Ill. Sup. Ct. Rule 315)

---

[2] That was the date when the Illinois Supreme Court declined to reconsider its October 2, 2002 denial of Regalado's Petition for Leave To Appeal the Appellate Court's affirmance of the dismissal of that post-conviction effort.

because that is necessary in conjunction with a litigant's opportunity to seek review by the Illinois Supreme Court, that latter court is the end of the judicial road in the state court system. Hence no specific rule is needed to deal with motions or petitions for reconsideration of the Supreme Court's denial of leave to appeal. And no mandate is issued when the Supreme Court denies leave to appeal in the first instance--that court has simply declined to take jurisdiction in the case.

All of that being true, Regalado's effort to obtain state post-conviction review was no longer "pending" (the operative status under Section 2244(d)(2)) after October 2, 2002.[3] At best Regalado's application for such review resumed "pending" status only on March 31, 2003 (the date when Regalado moved for reconsideration of the denial of leave to appeal). By that time nearly six months of the one-year limitation period under Section 2244(d)(1) had already run even under the generous assumptions that Regalado would require to stay in court. And that being the case, the resumed ticking of the one-year limitations clock on May 14, 2003 caused time to run out almost six months before Regalado approached this District Court early this month with his

---

[3] Gutierrez v. Schomig, 233 F.3d 490, 492 (7th Cir. 2000) confirmed that the October 2, 2002 date was not extended by the time period within which Regalado could have filed--but did not in fact file--a certiorari petition to the United States Supreme Court to seek review of the Illinois Supreme Court's order denying leave to appeal.

Petition.

As stated at the outset, then, still another insurmountable hurdle bars the Petition. Regalado has sustained three called strikes (in the metaphorical sense, not the sense employed in connection with Section 1915(g) in a wholly different context) in a contest in which even one strike puts him out of court.

Milton I. Shadur
Senior United States District Judge

Date: May 24, 2004